UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__2/20/2020__

PALANI KARUPAIYAN,

                                        Plaintiff,

                -against-

EXPERIS IT; SAMANTHA MOORE,

                                        Defendants.

20-CV-1305 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Americans with Disabilities Act of 1990 ("ADA"),

42 U.S.C. §§ 12112-12117, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

U.S.C. §§ 621-634, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and

the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. He alleges that

Defendants discriminated against him based on his age, sex, race, national origin, color, religion,

and disability. By order dated February 14, 2020, the Court granted Plaintiff's request to proceed

*in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis original).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that the summons and complaint be served within 90 days of

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summons and complaint until the Court reviewed the complaint and ordered that a summons be

issued. The Court therefore extends the time to serve until 90 days after the date the summons is

issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the

plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the

information necessary to identify the defendant, the Marshals' failure to effect service

automatically constitutes 'good cause' for an extension of time within the meaning of Rule

4(m).").

To allow Plaintiff to effect service on Defendants Experis IT and Samantha Moore

through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals

Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The

Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all

the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff, together with an information package.[1]

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Experis IT and Samantha Moore and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 20, 2020
          New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

---

[1] Plaintiff has consented to electronic service of documents. (ECF No. 4.)

**DEFENDANTS AND SERVICE ADDRESSES**

1.    Experis IT
       99 Park Avenue
       New York, NY 10016

2.    Samantha Moore
       Experis IT
       99 Park Avenue
       New York, NY 10016